IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

GARLAND MCGHEE,                          :
                                         :
            Plaintiff                    :
                                         :
VS.                                      :
                                         :        **7 : 04-CV-101 (HL)**
JO ANNE B. BARNHART,                     :
Commissioner of Social Security,         :
                                         :
            Defendant.                   :
_____

## RECOMMENDATION

The plaintiff herein filed this Social Security appeal on September 15, 2004, challenging

the Commissioner's final decision denying his application for disability benefits.  Jurisdiction

arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

### *Background*

The plaintiff filed his application for disability benefits in December 7, 2001, alleging

disability since October 5, 2000, due to ischemic heart disease and degenerative disc disease.

His applications was denied initially and upon reconsideration.  Following a hearing, the ALJ

determined that the plaintiff retained the residual functional capacity to perform a limited range

of light work, and that he could not return to his past relevant work involving medium to heavy

exertional requirements.  Relying on the testimony of a Vocational Expert ("VE") and the

Medical-Vocational Guidelines (the "Grids"), the ALJ determined that there were significant

numbers of jobs in the national economy which the claimant could perform, and he was therefore

not disabled.  The Appeals Council affirmed and the plaintiff then filed this appeal, arguing that

the ALJ failed to properly assess the credibility of the plaintiff and that, in general, his decision

was not supported by substantial evidence.

The plaintiff began treatment for chronic back pain in 2000, following a work-related injury in January 2000.  A February 2001 MRI revealed some disc bulging and minor or small areas of herniation.  The plaintiff was prescribed a conservative therapy for his back condition, and although offered a surgical option, apparently refused.  After completing physical therapy in June 2001, the plaintiff suffered a heart attack in August 2001 and thereafter underwent triple bypass surgery.

### Standard of review

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal

analysis has been conducted mandates reversal."  <u>Cornelius</u>, 936 F.2d at 1145-1146.

***Credibility analysis***

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  <u>Marbury v. Sullivan</u>, 957 F.2d 837, 839 (11th Cir. 1992); <u>Hand v. Heckler</u>, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  <u>Cannon v. Bowen</u>, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ found that

> the claimant does have degenerative disc disease in the lumbar spine and some medical treatment for this condition.  The existence of these facts is sufficient to establish a medically determinable impairment which could reasonably be expected to give rise to some pain.  However the nature, magnitude and intensity of the pain, as testified to by the claimant are not supported by the record taken in

3

its entirety.

In reaching this conclusion, the [ALJ] initially notes the objective findings from the various medical professionals with whom the claimant has sought attention do not comport with the allegations regarding the nature, magnitude and intensity of the pain.  There is no doubt that the claimant has some pain and on occasion it may be acute but by and large he is treated sporadically and conservatively by the doctors he sees.  The findings are significant but not profound.  Abnormal testing is documented, but the abnormalities are not of disabling proportions.

Further, the record fails to reveal any objective findings consistent with the claimant's purported inability to function related to pain. . .

Overall, when the record is considered in its entirety, though the claimant may have some discomfort at the extremes of motion in the lumbar spine radiating into the left leg, he does not have the type of pain which would preclude light work.

Consistent with the evidence, it is found that he can lift 20 pounds occasionally and 10 pounds frequently.  He can stand and walk 6 hours in a traditional 8 hour work day and sit for at least 6 hours but he does need the ability to have a sit or stand option.  Additionally, he has a left lower extremity limitation in that he cannot kneel on the left knee.  Further, claimant is limited to occasionally pushing/pulling with the left lower extremity.  As the claimant will occasionally need to take narcotic pain medication, he should avoid climbing ropes and ladders and avoid hazardous machines or unprotected heights.  Although claimant can occasionally balance, stoop, kneel with right extremity, crouch, crawl, and climb stairs on inclines, he can never climb ropes, ladders and scaffolds.

R. at 15.

A review of the medical record and the plaintiff's own testimony reveals that the ALJ's decision is supported by substantial evidence.  The medical records do show some level of back impairment, as acknowledged by the ALJ, and a history of bypass surgery.  However, there is no indication, from either plaintiff's treating physicians or from the plaintiff himself, that he is

unable to perform any type of work.  The plaintiff testified to being able to lift 15 pounds and to possibly carrying out work with a sit/stand option.  The plaintiff testified to regularly carrying out daily activities such as cleaning, cooking and driving. The ALJ's decision, wherein he acknowledges plaintiff's impairments and inability to return to his past relevant work, properly relies on the medical evidence to conclude that plaintiff's testimony was not credible to establish total disability.

Accordingly, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 16th day of December, 2005.

 /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

5